Case 5:06-cv-04034-JW    Document 10    Filed 10/04/2006    Page 1 of 9

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
   Special Assistant United States Attorney
4

5      455 Market Street, 6th Floor
       San Francisco, California 94105-2420
6      Telephone:    (415) 744-8494
       Facsimile:    (202) 481-1810 or (415) 744-6812
7      Email:        edwin.joe@sba.gov

8

9  Attorneys for Federal Plaintiff

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,        )
              Plaintiff,             )      E-Filing
16                                   )
        v.                           )      Civil Case No. C06-04034 JW
17                                   )
    ASPEN VENTURES WEST II., L.P.    )      Stipulation for Receivership
18                                   )      Order; ORDER
                                     )
19            Defendant.             )      (Cover Page)
20                                   )
                                     )
21  ─────────────────────────────────)

22  //

23  //

24  //

25  //

26  //

27  //

28  //

C06-04034 JW - STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP;     0
                            ORDER

1

2

3

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>ASPEN VENTURES WEST II, L.P.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Case No. C06-04034 JW |

11

### STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP

12

13

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the

14 United States Small Business Administration, has filed and caused to be served upon

15 defendant, ASPEN VENTURES WEST II, L.P., a complaint; and

16

WHEREAS, the parties desire to resolve the matter amicably and without further

17 proceedings, trial or adjudication of any issue, and stipulate as follows:

18

1.      That defendant ASPEN VENTURES WEST II, L.P. ("Licensee"), the

19 holder of the U.S. Small Business Administration's ("SBA") Small Business Investment

20

21 Company License No. 09790400 has a condition of Capital Impairment, as that term is

22 defined under Title 13 of the Code of Federal Regulations, Part 107;

23

2.      That this Court has jurisdiction over the subject matter of this action and

24 over defendant;

25

26

3.      That the only mutually agreeable method by which to distribute the assets

27 of the Licensee to the appropriate creditors and SBA is through the appointment of SBA

28

1  as the receiver of the Licensee pursuant to the following Consent Order of Receivership

2  without further proceedings; and

3        4.     To the entry of the following Consent Order of Receivership without

4  further proceedings.

5

6

7  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

8        1.     Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes

9  exclusive jurisdiction of the Licensee, and all of its assets and property, of whatever kind

10  and wherever located, and the SBA is hereby appointed Receiver of the Licensee

11  ("Receiver") to serve without bond until further order of this Court.  The Receiver is

12  appointed for the purpose of marshaling and liquidating all of the Licensee's assets and

13  satisfying the claims of creditors therefrom in the order of priority as determined by this

14  Court.

15        2.     The Receiver shall have all powers, authorities, rights and privileges

16  heretofore possessed by the officers, directors, managers and general and limited partners

17  of the Licensee under applicable state and federal law, by the Limited Partnership

18  Agreement, and By-Laws of said limited partnership, in addition to all powers and

19  authority of a receiver at equity, and all powers and authority conferred upon the

20  Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.  The trustees,

21  directors, officers, managers, employees, investment advisors, accountants, attorneys and

22  other agents of the Licensee are hereby dismissed and the powers of any general partners

23  are hereby suspended during the pendency of the receivership.  Such persons and entities

24  shall have no authority with respect to the Licensee's operations or assets, except to the

1    extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume

2    and control the operation of the Licensee and shall pursue and preserve all of its claims.

3            3.        The Receiver is entitled to take immediate possession of all assets, bank

4    accounts or other financial accounts, books and records and all other documents or

5    instruments relating to the Licensee.  The past and/or present officers, directors, agents,

6

7    managers, general and limited partners, trustees, attorneys, accountants, and employees

8    of the Licensee, as well as all those acting in their place, are hereby ordered and directed

9

10   to turn over to the Receiver forthwith all books, records, documents, accounts and all

11   other instruments and papers of and relating to the Licensee and all of the Licensee's

12   assets and all other assets and property of the limited partnership, whether real or

13   personal.  The Licensee's general partner shall furnish a written statement within five (5)

14   days after the entry of this Order, listing the identity, location and estimated value of all

15   assets of the Licensee, a list of all employees (and job titles thereof), other personnel,

16

17   attorneys, accountants and any other agents or contractors of the Licensee, as well as the

18   names, addresses and amounts of claims of all known creditors of the Licensee.  Within

19   thirty (30) days following the entry of this Order, the Licensee's general partner shall also

20   furnish a written report describing all assets.  All persons and entities having control,

21

22   custody or possession of any assets or property of the Licensee are hereby directed to turn

23   such assets and property over to the Receiver.

24            4.        The Receiver shall promptly give notice of its appointment to all known

25   officers, directors, agents, employees, shareholders, creditors, debtors, managers and

26

27   general and limited partners of the Licensee, as the Receiver deems necessary or

28   advisable to effectuate the operation of the receivership.  All persons and entities owing

**C06-04034 JW - STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP;**    3
**ORDER**

Case 5:06-cv-04034-JW    Document 10    Filed 10/04/2006    Page 5 of 9

1    any obligation, debt, or distribution, with respect to a partnership interest to the Licensee,

2    shall, until further ordered by this Court, pay all such obligations in accordance with the

3    terms thereof to the Receiver and its receipt for such payments shall have the same force

4    and effect as if the Licensee had received such payments.

5

6         5.     The Receiver is hereby authorized to open such Receiver's accounts at

7    banking or other financial institutions to extend credit on behalf of the Licensee, to utilize

8    SBA personnel, and to employ such other personnel as it may deem necessary to

9    effectuate the operation of the receivership including, but not limited to, attorneys,

10   accountants, consultants and appraisers, and is further authorized to expend receivership

11   funds to compensate such personnel in such amounts and upon such terms as the

12   Receiver shall deem reasonable in light of the usual fees and billing practices and

13   procedures of such personnel.  The Receiver is not required to obtain Court approval

14   prior to the disbursement of receivership funds for payments to personnel employed by

15   the Receiver or for expenses that the Receiver deems advantageous to the orderly

16   administration and operation of the receivership.  In addition, the Receiver is authorized

17   to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment

18   and administration of the receivership.  The Receiver may, without further order of this

19   Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary

20   course of business, other than real estate.

21

22        6.     The Licensee's past and/or present officers, directors, agents, attorneys,

23   managers, shareholders, employees, accountants, debtors, creditors, managers and

24   general and limited partners of the Licensee, and other appropriate persons or entities

25   (including without limitation, the defendant's portfolio of small business concerns and

**C06-04034 JW - STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP;**   4
**ORDER**

financial institutions doing business with defendant and/or defendant's portfolio of small

business concerns) shall answer under oath to the Receiver all questions which the

Receiver may put to them and produce any documents as required by the Receiver

regarding the business of said limited partnership, or any other matter relevant to the

operation or administration of the receivership or the collection of funds due to the

Licensee.  In the event that the Receiver deems it necessary to require the appearance of

the aforementioned persons or entities, the Receiver shall make its discovery request(s) in

accordance with the Federal Rules of Civil Procedure.

       7.     The parties to any and all civil legal proceedings of any nature, including,

but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions,

default proceedings, or other actions of any nature involving the Licensee or any assets of

the Licensee, including subsidiaries and partnerships, wherever located, and excluding

the instant proceeding, involving the Licensee, the Receiver, or any of the Licensee 's

past or present officers, directors, managers, agents, or general or limited partners sued

for, or in connection with, any action taken by them while acting in such capacity of any

nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or

otherwise, are enjoined from commencing or continuing any such legal proceeding, or

from taking any action, in connection with any such proceeding or any such asset.  All

civil legal proceedings of any nature, including but not limited to bankruptcy

proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other

action of any nature involving the Licensee or any assets of the Licensee, including

subsidiaries and partnerships, wherever located, and excluding the instant proceeding,

involving the Licensee, the Receiver, or any of the Licensee's past or present officers,

**C06-04034 JW - STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP;**  5
**ORDER**

1 directors, managers, agents, or general or limited partners sued for, or in connection with,

2 any action taken by them while acting in such capacity of any nature, whether as plaintiff,

3 defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their

4

5 entirety, and all Courts having any jurisdiction thereof are enjoined from taking or

6 permitting any action until further Order of this Court.  Further, as to a cause of action

7 accrued or accruing in favor of the Licensee against a third person or party, any

8 applicable statute of limitation is tolled during the period in which this injunction against

9

10 commencement of legal proceedings is in effect as to that cause of action.

11        8.        The Licensee and its past and/or present directors, officers, managers,

12 general or limited partners, agents, employees and other persons or entities acting in

13 concert or participating therewith be, and they hereby are, enjoined from either directly or

14

15 indirectly taking any actions or causing any such action to be taken which would

16 dissipate the assets and/or property of the Licensee to the detriment of the Licensee or of

17 the Receiver appointed in this cause, including but not limited to destruction of corporate

18 records, or which would violate the Small Business Investment Act of 1958, as amended,

19 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13

20 C.F.R. §107.1 et. seq.

21

22        9.        The Receiver is authorized to borrow on behalf of the Licensee, from the

23 SBA, up to $1,000,000 and is authorized to cause the Licensee to issue Receiver's

24 Certificates of Indebtedness in the principal amounts of the sums borrowed, which

25 certificates will bear interest at or about 10 percent per annum and will have a maturity

26 date no later than 18 months after the date of issue.  Said Receiver's Certificates of

27

28 Indebtedness shall have priority over all other debts and obligations of the Licensee,

1  excluding administrative expenses of the Receivership, whether currently existing or

2  hereinafter incurred, including without limitation any claims of general or limited

3  partners of the Licensee.

4

5          10.     This Court determines and adjudicates that SBA has made a sufficient

6  showing that the Licensee has violated the Act and the Regulations, as alleged in the

7  Complaint filed against the Licensee in the instant action, to obtain the relief so

8  requested. After completing its activities in accordance with this Order, the Receiver

9  may submit a report to this Court recommending that the Licensee's SBIC license be

10 revoked.

11

12 **SEEN, STIPULATED AND AGREED:**

13 **Aspen Ventures West II, L.P., through its authorized representative**

14

15 By:    /s/ E. David Crockett
        E. David Crockett
16 Title:  General Partner
        Aspen Ventures West Management Company, L.P.
17      General Partner of Aspen Ventures West II, L.P.

18

19 Date: ___4/27/06_____

20 **United States Small Business Administration**

21 By:    /s/ Thomas G. Morris

22      Thomas G. Morris, Director
       Office of Liquidation

23

24 Date: ___4/28/06_____

25 **PURSUANT TO STIPULATION, IT IS SO ORDERED,**

26          DATED this ___4th___ day of ___October___, 2006.

27

28      HON. JAMES WARE
       UNITED STATES DISTRICT COURT JUDGE

**C06-04034 JW - STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP;**    7
**ORDER**

1  excluding administrative expenses of the Receivership, whether currently existing or

2  hereinafter incurred, including without limitation any claims of general or limited

3  partners of the Licensee.

4
5          10.    This Court determines and adjudicates that SBA has made a sufficient

6  showing that the Licensee has violated the Act and the Regulations, as alleged in the

7  Complaint filed against the Licensee in the instant action, to obtain the relief so

8  requested.  After completing its activities in accordance with this Order, the Receiver

9
10  may submit a report to this Court recommending that the Licensee's SBIC license be

11  revoked.

12  **SEEN, STIPULATED AND AGREED:**

13  **Aspen Ventures West II, L.P., through its authorized representative**

14
15  By:      *E. David Crockett*

16         E. David Crockett
       Title:    General Partner
17         Aspen Ventures West Management Company, L.P.
           General Partner of Aspen Ventures West II, L.P.
18
19  Date:    4-27-06

20  **United States Small Business Administration**

21  By:

22         Thomas G. Morris, Director
           Office of Liquidation
23
24  Date:    *Thomas Morris*  04-28-06

25  **PURSUANT TO STIPULATION, IT IS SO ORDERED,**

26         DATED this _____ day of _____, 2006.

27
28                                             _____
                                               UNITED STATES DISTRICT COURT JUDGE

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                    7

U. S. DISTRICT COURT - DE

MISC. CASE # _____ 0 6 - 1 9 7

E-filing    ORIGINAL FILED

JUN 2 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
   Special Assistant United States Attorney
4

5      455 Market Street, 6th Floor
       San Francisco, California  94105-2420
6      Telephone:    (415) 744-8494
       Facsimile:    (202) 481-1810 or (415) 744-6812
7      Email:        edwin.joe@sba.gov

8
   Attorneys for Federal Plaintiff
9

10            IN THE UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,        )   **C06-04034**
        Plaintiff,                   )
15                                   )
                                     )
16      v.                           )   Civil Case No.            **RMW**
                                     )
17  ASPEN VENTURES WEST II., L.P.    )   Complaint for Receivership  **RS**
                                     )   and Injunction
18      Defendant.                   )
                                     )
19                                   )
                                     )
20

21        COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

22

23        COMES NOW Plaintiff, the United States of America, on behalf of its agency, the

24  United States Small Business Administration, and for its cause of action states as follows:

25              PARTIES, JURISDICTION, AND VENUE

26      1.      This is a civil action bought by the United States on behalf of its agency, the U.S.

27  Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central

28

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                    1

1  office is located at 409 Third Street, S.W., Washington, DC 20416. The Defendant has

2  consented to the requested relief.

3      2.      Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316

4  of the Small Business Investment Act, as amended; 15 U.S.C. §§ 687(d), 687c, 687h; the Small

5  Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

6

7      3.      Defendant, Aspen Ventures West II, L.P. (hereinafter "Aspen II," "Licensee," or

8  "Defendant"), is a Delaware limited partnership formed on or about September 29, 1994 that

9  maintains its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos,

10  California 94024. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

11              **STATUTORY AND REGULATORY FRAMEWORK**

12

13      4.      The purpose of the Small Business Investment Act of 1958, as amended,

14  (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in

15  particular, by stimulating and supplementing the flow of private equity capital and long-term

16  loan funds which small businesses need for sound financing of their operations and growth. 15

17  U.S.C. § 661.

18

19      5.      Congress authorized the SBA to carry out the provisions of the Act and to

20  prescribe regulations governing the operations of Small Business Investment Companies

21  (hereinafter "SBIC"). 15 U.S.C. § 687(c). SBA duly promulgated such regulations, which are

22  set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

23      6.      An SBIC is a corporation, a limited liability company, or a limited partnership

24  organized solely for the purpose of performing the functions and conducting the activities

25  contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. Id. at

26

27  § 681(c).

28

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                    2

7.      An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA.    SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs.  15 U.S.C. §§ 683(a) and (b).

8.      Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ratio of outstanding leverage to leverageable capital.

9.      If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved.  15 U.S.C. § 687(d).

10.     Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond.  In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

### STATEMENT OF FACTS

12.     Paragraphs 1 through 11 are incorporated herein by reference.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                                    3

13.     SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about November 8, 1994, under SBA License No. 0979-0400, solely to do business under the provision of the Act and the regulations promulgated thereunder.

14.     Defendant's general partner is Aspen Ventures West Management Company, L.P.

15.     Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16.     In accordance with Section 303 of the Act, SBA provided funds to Defendant through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations. To date, a principal balance of $19,460,064 of such Participating Securities remains outstanding as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
|---|---|---|---|
| 02008451-10 | 2,210,064.00 | 08-28-96 | 7.350 |
| 02011651-09 | 1,000,000.00 | 02-26-97 | 8.080 |
| 02012051-08 | 4,000,000.00 | 05-28-97 | 8.310 |
| 02012052-06 | 700,000.00 | 08-27-97 | 7.850 |
| 02012053-04 | 2,000,000.00 | 05-29-98 | 7.250 |
| 02012054-02 | 2,300,000.00 | 06-19-98 | 7.250 |
| 02017851-07 | 450,000.00 | 06-19-98 | 7.100 |
| 02017852-05 | 1,000,000.00 | 09-25-98 | 7.250 |
| 02017853-03 | 1,500,000.00 | 02-26-99 | 8.540 |
| 02017854-01 | 1,050,000.00 | 06-16-99 | 8.540 |
| 02023651-01 | 350,000.00 | 06-16-99 | 8.540 |
| 02023652-10 | 1,000,000.00 | 12-03-99 | 9.017 |
| 02023653-08 | 650,000.00 | 06-06-00 | 8.449 |
| 02027151-10 | 350,000.00 | 06-06-00 | 8.449 |
| 02027152-08 | 900,000.00 | 11-14-00 | 7.640 |
| | 19,460,064.00 | | |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                    4

18.     Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

19.     Based on Defendant's financial statements (SBA Form 468) for the period ending December 31, 2002, SBA determined that Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 217.2%.

20.     By letter dated March 27, 2003, SBA gave Defendant an opportunity to cure its condition of Capital Impairment within 15 days of the date of that letter.  Defendant failed to cure its Capital Impairment within the permitted time.

21.     By letter dated April 15, 2003, SBA notified Defendant that it was being placed in Restricted Operations and on or about April 25, 2003, SBA transferred Defendant to liquidation status.

22.     Based on Defendant's financial statements (SBA Form 468) for the period ending December 31, 2005, Defendant had a Capital Impairment, as that term is defined under the Regulations, of 291.02%.

## COUNT ONE

## CAPITAL IMPAIRMENT

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and a balance of $19,460,064 in Participating Securities purchased by the SBA remains outstanding.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                                5

25.    Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

26.    Defendant's failure to cure its condition of Capital Impairment is nonperformance of the requirements of the Participating Securities as well as Defendant's Application for SBIC License and a violation of § 107.507(a) of the Regulations.

27.    SBA has determined that Defendant is not in compliance with the terms of its Leverage due to its uncured condition Capital Impairment and, therefore, the Licensee is in violation of §§ 107.1830(b) and 507(a) of the Regulations.

28.    As a consequence of Defendant's violation of §§ 107.1830(b) and 507(a) of the Regulations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A.    That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B.    That this Court determine and adjudicate Defendant's non-compliance with and violation of the Act and the Regulations promulgated thereunder.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                6

1       C.     That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of

2 Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for

3 the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of

4 creditors as determined by the Court, and such other relief as contained in the Order filed

5

6 simultaneously herewith.

7       D.     That this Court grant such other relief as may be deemed just and equitable.

8

9                               Respectfully submitted,

10                               KEVIN V. RYAN
                              UNITED STATES ATTORNEY
11

12

13 Dated: __June 29, 2006__   By:     __/s/ Edwin L. Joe__
                              EDWIN L. JOE

14                               SPECIAL ASSISTANT UNITED STATES ATTORNEY

15

  Of Counsel:

16

    BEVERLEY HAZLEWOOD LEWIS
17     TRIAL ATTORNEY
    U.S. Small Business Administration
18     409 Third Street, S.W., Suite 7200
    Washington, D.C. 20416
19     Phone (202) 619-1605
    Fax (202) 481-0468
20

21

22

23

24

25

26

27

28

  **COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                7

1    C.    That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of

2    Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for

3    the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of

4    creditors as determined by the Court, and such other relief as contained in the Order filed

5    simultaneously herewith.

6

7    D.    That this Court grant such other relief as may be deemed just and equitable.

8

9                                        Respectfully submitted,

10                                       KEVIN V. RYAN
                                         UNITED STATES ATTORNEY
11

12   Dated: June 27, 2006    By:

13                                       EDWIN L. JOE
                                         SPECIAL ASSISTANT UNITED STATES ATTORNEY
14

15   Of Counsel:

16

17       BEVERLEY HAZLEWOOD LEWIS
         TRIAL ATTORNEY
18       U.S. Small Business Administration
         409 Third Street, S.W., Suite 7200
19       Washington, D.C. 20416
         Phone (202) 619-1605
20       Fax (202) 481-0468

21

22

23

24

25

26

27

28

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                          7



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR ASPEN VENTURES WEST II., L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

U. S. DISTRICT **COURT - DE**
MISC. CASE # ___0 6 - 1 9 7

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

October 13, 2006

Mr. Peter T. Dalleo, Clerk of the Court                VIA UPS 2ND DAY DELIVERY
U.S. District Court for Delaware
844 North King Street, Lockbox 18
Wilmington, DE 19801

2006 OCT 17 PM 3: 20
FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

Re:    United States of America v. Aspen Ventures West II., L.P.
       Civil Action No. C06-04034 JW

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Northern District of California San Jose Division, has taken exclusive jurisdiction of Aspen Ventures West II., L.P. ("Aspen Ventures II") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Aspen Ventures II may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for ASPEN VENTURES II, stayed all legal proceedings involving ASPEN VENTURES II, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Aspen Ventures II are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By:  _Michele L. Pittman_

Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation